*In re* Account of ALLEN, Chief Supervisor of Elections, etc.[1]

(*District Court, E. D. New York.*  November 12, 1883.)

ACCOUNTS OF SUPERVISOR OF ELECTIONS—ACT OF FEBRUARY 22, 1875, (18 ST. AT LARGE, 333,)—U. S. REV. ST. § 2031—CERTIFICATE OF JUDGE UNDER § 846.
  The effect of Rev. St. § 2031, is not such as to bring the accounts of a chief supervisor of elections within the scope of the act of February 22, 1875, (18 St. at Large, 333,) providing for the passing of accounts of clerks, marshals, district attorneys, and United States commissioners in open court.

Account of Supervisor of Elections.

*Frank W. Angel,* Asst. U. S. Atty., for the United States.

*John J. Allen,* for himself.

BENEDICT, J.   The account of John J. Allen, the chief supervisor of elections in this district, was presented to the district judge of the district, and was certified by him pursuant to section 2031 of the Revised Statutes in the manner heretofore adopted with reference to other similar accounts.   The same account is now submitted to the district court by the district attorney, for the purpose of having the account passed on in open court, in the manner provided for the accounts of clerks, marshals, district attorneys, and United States commissioners by the act of February 22, 1875, § 1, (18 St. at Large, 333.)   This action on the part of the district attorney has raised, among others, the question whether the effect of section 2031 is to bring the accounts of a chief supervisor of election within the scope of the subsequent act of February 22, 1875, which act is, by its terms, limited to the accounts of clerks, marshals, district attorneys, and United States commissioners.   Upon this question my opinion is that no such effect can be given to section 2031, and that the act of February 22, 1875, has no application to the accounts of a chief supervisor of election. For this reason, therefore, if there were no other, the court is constrained to decline to enter upon the inquiry tendered by the district attorney in reference to this account, without passing upon the validity of a statute like this of February 22, 1875, which seeks to authorize proving of an account "in open court" before a circuit or a district court, and at the same time provides for the revision of the action of the court by the accounting officers of the treasury. See *U. S.* v. *Ferreira,* 13 How. 40; *U. S.* v. *Todd,* Id. note, p. 52; *Ex parte Gans,* 17 FED. REP. 471.

---

[1] Reported by R. D. & Wyllys Benedict, of the New York bar.

A further suggestion having been made that the judge's certificate attached to this account is not a certificate such as contemplated by section 846, I take this occasion to say that the certificate is in the form adopted many years ago, and, so far as I am aware, it has always, up to this time, been deemed a sufficient compliance with the provisions of section 846. In my opinion, no other or different certificate can be required of the judge in respect to this account.

The account is therefore directed to be returned to the district attorney, to be dealt with by him as he may be advised.